# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PAMELA SHIVONE, | : |
| Plaintiff, | : |
| vs. | : |
| WASHINGTON MUTUAL BANK, F.A., ET AL., | : |
| Defendants. | : |

Civil Action No. 07-1038 (PBT)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANTS, SHAPIRO & KREISMAN, LLC, THE LOGS GROUP, LLC, JOSEPH REJENT, ESQ., DAVID FEIN, ESQ., GERALD M. SHAPIRO, ESQ. AND DAVID S. KREISMAN, ESQ.

---

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER LLC
Ten James Street
Florham Park, New Jersey 07932
(973) 301-0001
Attorneys for Defendants,
Shapiro & Kreisman, LLC, The Logs
Group, LLC, Joseph Rejent, Esq., David
Fein, Esq., Gerald M. Shapiro, Esq. and
David S. Kreisman, Esq.

Of Counsel:   Lisa C. Wood, Esq.

On the Brief:   Lisa C. Wood, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................... 2

LEGAL ARGUMENT

POINT I

COUNT I ALLEGING THAT DEFENDANTS VIOLATED
THE FAIR DEBT COLLECTION PRACTICES ACT,
15 U.S.C. § 1692, ET SEQ., AND COUNT II ALLEGING
THAT DEFENDANTS VIOLATED PENNSYLVANIA'S
FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S.
§ 2270, ET SEQ., MUST BE DISMISSED AS TIME-BARRED ............................................. 3

    A.     Fair Debt Collection Practices Act ....................................................................... 3

    B.     Pennsylvania's Fair Credit Extension Uniformity Act ......................................... 4

POINT II

COUNTS III, IV, V, VI, XI AND XII MUST ALSO BE
DISMISSED AS TIME-BARRED ........................................................................................... 6

POINT III

ALL OF PLAINTIFF'S ASSERTED CLAIMS MUST BE
DISMISSED BECAUSE PLAINTIFF HAS FAILED TO
DEMONSTRATE ANY INJURIES .......................................................................................... 8

POINT IV

PLAINTIFF'S CLAIM THAT DEFENDANTS COMMITTED
ABUSE OF PROCESS MUST BE DISMISSED ...................................................................... 10

POINT V

PLAINTIFF'S CLAIM THAT DEFENDANTS COMMITTED
CIVIL CONSPIRACY MUST BE DISMISSED BECAUSE
DEFENDANTS DID NOT ACT WITH MALICE .................................................................... 12

{00307272; 1}

i

POINT VI

THE 2004 MORTGAGE FORECLOSURE ACTION DID
NOT VIOLATE THE UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION LAW..................................................................................13

POINT VII

PLAINTIFF'S CLAIMS THAT DEFENDANTS ARE LIABLE
UNDER THEORIES OF NEGLIGENT SUPERVISION,
VICARIOUS LIABILITY AND AIDING AND ABETTING
TORTIOUS CONDUCT MUST BE DISMISSED BECAUSE
PLAINTIFF HAS NOT ESTABLISHED AN UNDERLYING
TORT WHICH WOULD SUPPORT THESE CLAIMS..............................................................16

CONCLUSION......................................................................................................................18

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

Agosta v. Inovision, Inc.,
2003 WL 22999213 at *6 (E.D. Pa. Dec. 16, 2003) .................................................................. 3, 5

Cameron v. Graphic Management Assoc., Inc.,
817 F. Supp. 19 (E.D. Pa. 1992) ............................................................................................... 11

Cheatle v. Katz,
2003 WL 21250583 at *8 (E.D. Pa. April 1, 2003) ................................................................... 13

Christopher v. First Mutual Corp.,
2006 WL 166566 at *3 (E.D. Pa. Jan. 20, 2006) ...................................................................... 13

Corrigan v. Methodist Hospital,
853 F. Supp. 832 (E.D. Pa. 1994) ............................................................................................. 12

In re Fisher,
320 B.R. 52 (E.D. Pa. 2005) ..................................................................................................... 14

Gemignani v. Phila. Phillies Nat'l League Baseball Club, Inc.,
287 F. Supp. 465 (E.D. Pa. 1967) ............................................................................................... 7

Jones v. Aames Funding Corp.,
2004 WL 2203724 at *2 (E.D. Pa. Sept. 28, 2004) .................................................................. 13

Levin v. Upper Makefield Twp.,
2003 WL 21652301 at *10 (E.D. Pa. Feb. 25, 2003) ............................................................... 10

Mest v. Cabot Corp.,
449 F.3d 502 (3d Cir. 2006) ........................................................................................................ 4

In re Patterson,
263 B.R. 82 (E.D. Pa. 2001) ..................................................................................................... 13

Resolution Trust Corp. v. Farmer,
865 F. Supp. 1143 (E.D. Pa. 1994) ............................................................................................. 6

In re Rivera,
342 B.R. 435 (D.N.J. 2006) .................................................................................................. 1, 10

Rock v. Voshell,
  397 F. Supp. 2d 616 (E.D. Pa. 2005) ....................................................................................... 13

In re Smith,
  866 F.2d 576 (3d Cir. 1989) ................................................................................................... 13

## State Cases

Al Hamilton Contracting Co. v. Cowder,
  644 A.2d 188 (Pa. Super. 1994) ............................................................................................. 10

Commonwealth v. Monumental Prop., Inc.,
  329 A.2d 812 (1974) ............................................................................................................... 13

Di Sante v. Russ Financial Co.,
  380 A.2d 439 (Pa. Super. 1977) ............................................................................................. 10

Dudley v. USX Corp.,
  414 Pa. Super. 160 (1992) ........................................................................................................ 8

Fay v. Erie Ins. Group,
  723 A.2d 712 (Pa. Super. 1999) ............................................................................................. 14

Heller v. Patwil Holmes, Inc.,
  713 A.2 105 (Pa. 1998) ........................................................................................................... 17

Lux v. Gerald E. Ort Trucking, Inc.,
  887 A.2d 1281 (Pa. Super. 2005) ............................................................................................. 8

Milton S. Hershey Medical Center v. Commonwealth Medical,
  573 Pa. 74 (2003) ................................................................................................................... 16

Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,
  503 Pa. 80 (Pa. 1983) ............................................................................................................... 7

Shiner v. Moriarty,
  706 A.2d 1228 (Pa. Super. 1998) ........................................................................................... 10

Skurnowicz v. Lucci,
  798 A.2d 788 (Pa. Super. 2002) ............................................................................................. 13

Sovereign Bank v. Valentino,
  914 A.2d 415 (Pa. 2006) ......................................................................................................... 16

## Federal Statutes

15 U.S.C. § 1692 ................................................................................................................... 2, 3

## State Statutes

42 Pa.C.S.A. § 5524 .................................................................................................................... 6

73 P.S. § 2270 ................................................................................................................... 2, 3, 4

## PRELIMINARY STATEMENT

The Complaint contains claims by plaintiff, Pamela Shivone ("Plaintiff"), against defendants, Shapiro & Kreisman, LLC, The Logs Group, LLC, Joseph Rejent, Esq., David Fein, Esq., Gerald M. Shapiro, Esq. and David S. Kreisman, Esq. (collectively, "Defendants"), as well as several other parties. Plaintiff's claims against Defendants stem from a 2004 mortgage foreclosure action, which Defendants instituted. Furthermore, Plaintiff relies heavily upon the matter of In re Rivera, 342 B.R. 435 (D.N.J. 2006), which is factually and legally irrelevant to the present matter.

Despite the lengthy and convoluted Complaint, Plaintiff's claims against Defendants are time-barred as a matter of law because these claims occurred in 2004. Additionally, the asserted claims lack merit and the Complaint, on its face, fails to provide any factual basis for the claims. As such, all of the claims against Defendants must be dismissed as untimely and without merit.

## STATEMENT OF FACTS

In or about 1996, Plaintiff and her now estranged husband, Richard Shivone, purchased property located at 2311 South Darien Street, Philadelphia, Pennsylvania (the "Property"). See Plaintiff's Complaint, ¶ 31. Plaintiff and Mr. Shivone executed a Mortgage for the Property in the amount of $17,350.00. See Plaintiff's Complaint, ¶ 32. The Mortgage was duly recorded on or about May 1, 1997. See Plaintiff's Complaint, ¶ 33. The Mortgage was transferred and assigned to various institutions. Plaintiff and Mr. Shivone subsequently separated in 1997 and Plaintiff moved from the Property. See Plaintiff's Complaint, ¶¶ 36 and 37. Plaintiff, however, remained liable on the Mortgage debt.

On March 26, 2004, Defendants instituted a mortgage foreclosure action, filed by Shapiro & Kreisman, LLC, in the name of Mortgage Electronic Registration Systems, Inc. ("MERS"). See Plaintiff's Complaint, ¶ 60. At the time Defendants instituted the mortgage foreclosure action, the loan was in default and due for the October 2003 payment. On June 8, 2004, Defendants withdrew the action by filing a Praecipe to Settle, Discontinue and End the action. See Plaintiff's Complaint, ¶ 91.

Plaintiff has now instituted the within action alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270, et seq., as well as other claims which are grounded in various tort theories. Plaintiff further alleges to have suffered extreme anxiety upon learning of the 2004 mortgage foreclosure action. See Plaintiff's Complaint, ¶ 94. However, Plaintiff admits to having no knowledge of the 2004 mortgage foreclosure action until after the action was discontinued, and only after she discovered the action based upon her own research. See Plaintiff's Complaint, ¶ 93.

## LEGAL ARGUMENT

## POINT I

**COUNT I ALLEGING THAT DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ., AND COUNT II ALLEGING THAT DEFENDANTS VIOLATED PENNSYLVANIA'S FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, ET SEQ., MUST BE DISMISSED AS TIME-BARRED**

**A.    Fair Debt Collection Practices Act**

For purposes of this motion only, even if the Court accepts Plaintiff's allegations as true, Plaintiff's claim that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "Act"), must be dismissed as time-barred.  The Act provides, in pertinent part, that:

> (d)     Jurisdiction.  An action to enforce any liability created by this (Act) may be brought in any appropriate United States district court without regard to the amount in controversy, or any other court of competent jurisdiction, **within one year from the date of which the violation occurs.**  15 U.S.C. § 1692k(d).  (emphasis added).

This statute of limitations commences from the moment the violation occurs, without regard as to when a plaintiff becomes aware of his or her cause of action.  Agosta v. Inovision, Inc., 2003 WL 22999213 at *6 (E.D. Pa. Dec. 16, 2003)[1].  Furthermore, this statute of limitations is jurisdictional and not subject to tolling as a matter of law.  Id. at 6.

In the present matter, Plaintiff's allegation that Defendants violated the Act is based solely upon the 2004 mortgage foreclosure action, which was discontinued by Defendants on June 8, 2004.  It is irrelevant as to when Plaintiff actually learned of the 2004 mortgage foreclosure action, as instructed by Agosta, supra.

---

[1] For the Court's convenience, all Westlaw cases cited herein are attached hereto in alphabetical order.

In order to have timely filed a cause alleging that Defendants violated the Act, Plaintiff would have had to file her Complaint no later than June 8, 2005. However, Plaintiff filed this action sometime in March 2007. Therefore, Plaintiff's allegation that Defendants violated the Act is clearly time-barred and must be dismissed.

Plaintiff cannot avail herself of a tolling argument. The discovery rule is intended to protect plaintiffs who would not have learned of their cause of action despite using due diligence. Mest v. Cabot Corp., 449 F.3d 502 (3d Cir. 2006). Plaintiff would have learned of the 2004 mortgage foreclosure action had she, in fact, been diligent in staying apprised of the status of the Mortgage that she and her husband entered into in 1997. Had Plaintiff used a minimal amount of effort to learn of the status of the Mortgage, she would have known in 2004 that payments on the Mortgage were several months behind and that an action was going to be instituted against the Property. Plaintiff, however, did not stay current on her Mortgage payments, causing the 2004 mortgage foreclosure action to be instituted. Plaintiff cannot allege any set of facts showing that had she exercised due diligence, she still would not have learned of the filing of the 2004 mortgage foreclosure action. It would be inappropriate, therefore, to afford Plaintiff a tolling of her claims when, in fact, she could have known of the 2004 mortgage foreclosure action with just minor diligence.

### B.     Pennsylvania's Fair Credit Extension Uniformity Act

The statute of limitations for a claim under Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. § 2270, et seq. (the "Pennsylvania Act"), is two (2) years. Specifically, the Pennsylvania Act provides, in pertinent part, that:

> (b)     JURISDICTION. An action to enforce any liability created by this Act may be brought in any court of competent jurisdiction in this Commonwealth **within two years from the date in which the violation occurs.** 73 P.S. § 2270.5(b). (emphasis added).

Plaintiff's allegation that Defendants violated the Pennsylvania Act must be dismissed because the statute of limitations is jurisdictional and not subject to tolling. Furthermore, the statute of limitations begins to run when the cause of action occurs, irrespective of when a plaintiff may have learned about his or her claim. <u>Agosta</u>, <u>supra</u>.

It is undisputed that the 2004 mortgage foreclosure action was discontinued by Defendants on June 8, 2004. <u>See</u> Plaintiff's Complaint, ¶ 91. Therefore, Plaintiff would have had to file her claim that Defendants violated the Pennsylvania Act on or before June 8, 2006. Plaintiff, however, did not institute the within action until March 2007 and, therefore, her allegation that Defendants violated the Pennsylvania Act is clearly time-barred and must be dismissed.

## POINT II

## COUNTS III, IV, V, VI, XI AND XII MUST ALSO BE DISMISSED AS TIME-BARRED

Plaintiff has asserted various claims against Defendants, which are grounded in tort. Specifically, Plaintiff alleges that Defendants committed Abuse of Process (Count III), Wrongful Use of Civil Proceedings (Count IV), Civil Conspiracy (Count V), Aiding and Abetting Tortious Conduct (Count VI), Negligent Supervision (Count XI) and Vicarious Liability (Count XII). The Complaint asserts that these claims all arise from the 2004 mortgage foreclosure action, which was discontinued by Defendants on June 8, 2004. The applicable statute of limitations in Pennsylvania for these causes of action is two (2) years:

> The following actions and proceedings must be commenced within two years . . . . (7) Any action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524. This statute of limitations begins to run when the cause of action arises, which is determined by the occurrence of the final significant event that gives rise to the cause of action. Resolution Trust Corp. v. Farmer, 865 F. Supp. 1143, 1149 (E.D. Pa. 1994).

In the present matter, the last possible significant event, according to Plaintiff, which gave rise to Plaintiff's allegations, occurred on or about June 8, 2004, when Defendants filed the Praecipe to discontinue the 2004 mortgage foreclosure action. As such, Plaintiff would have had to file her tort claims by June 8, 2006 in order for these claims to have been timely filed. However, Plaintiff failed to file these claims in a timely manner and, instead, filed the claims in March 2007. Therefore, these claims are clearly time-barred.

It is important to note that this statute of limitations is not tolled by Plaintiff's allegation that she did not know of the 2004 mortgage foreclosure action until after it was discontinued. The actual time period in which Plaintiff discovered the 2004 mortgage foreclosure action is legally immaterial. The statute of limitations is tolled only when a plaintiff is unable, despite due diligence, to know of his or her claim. Gemignani v. Phila. Phillies Nat'l League Baseball Club, Inc., 287 F. Supp. 465, 467 (E.D. Pa. 1967); Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 503 Pa. 80 (Pa. 1983). As stated earlier, Plaintiff could have discovered the 2004 mortgage foreclosure action with just minor diligence.

Therefore, all of Plaintiff's claims which are grounded in tort must be dismissed as time-barred.

## POINT III

### ALL OF PLAINTIFF'S ASSERTED CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO DEMONSTRATE ANY INJURIES

Again, for purposes of this motion only, if the Court accepts Plaintiff's allegations as true, all of Plaintiff's claims must be dismissed because she has suffered no injuries. In her Complaint, Plaintiff characterizes her injuries caused by Defendants as follows:

> Upon learning about the 2004 Mortgage Foreclosure Action, Plaintiff experienced great shock, concern, anxiety, sleeplessness, weeping, apprehension, fear, dread, panic, trepidation and other damages. In this regard, Plaintiff had no idea who MERS was, why she had been sued by MERS and was concerned that some unknown creditor would take what little she had. Plaintiff's shock and fears, etc., were also heightened because she is a single parent struggling to make ends meet and she was concerned that she may incur legal and other expenses and losses as a result of an unknown claim by MERS and would have to go into even greater debt. Moreover, Plaintiff's concerns, anxiety, etc., were also heightened as she has a daughter with special needs and is struggling to provide a secure and safe environment for her daughter. See Plaintiff's Complaint, ¶ 94.

Plaintiff, therefore, asserts that her injuries arose from the moment she learned of the 2004 mortgage foreclosure action. However, Plaintiff's alleged injuries are not a result of Defendants' actions, i.e., the 2004 mortgage foreclosure action. "Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm." Lux v. Gerald E. Ort Trucking, Inc., 887 A.2d 1281, 1287 (Pa. Super. 2005), citing Dudley v. USX Corp., 414 Pa. Super. 160 (1992).

Plaintiff's claims against Defendants must be dismissed because the proximate cause of Plaintiff's injuries was unquestionably her failure to reasonably inquire into the 2004 mortgage foreclosure action upon her discovery of it. If Plaintiff had investigated the 2004 mortgage foreclosure action at the time she learned of it, she would have realized that the action was, in

fact, discontinued and that no judgment had issued against her or the Property. With such minimal effort, Plaintiff would not have suffered her alleged anxiety. Therefore, the proximate cause of Plaintiff's injuries was her own failure to take adequate steps to discover that the 2004 mortgage foreclosure action was, in fact, discontinued.

Nowhere in her Complaint does Plaintiff assert that she was aware of the 2004 mortgage foreclosure action anytime in 2004. We know only that Plaintiff discovered it sometime after the action had been discontinued. See Plaintiff's Complaint, ¶ 93. Furthermore, Plaintiff was allegedly diligent enough to discover the 2004 mortgage foreclosure action based upon her own research of court records and, therefore, clearly possessed the ability to learn at any time that the action was discontinued. Plaintiff's injuries are a result of her unilateral failure to diligently determine the status of the 2004 mortgage foreclosure action. This Court must, therefore, hold that the 2004 mortgage foreclosure action was not the proximate cause of Plaintiff's injuries, but rather her own failure to properly investigate.

## POINT IV

## PLAINTIFF'S CLAIM THAT DEFENDANTS COMMITTED
## ABUSE OF PROCESS MUST BE DISMISSED

Assuming arguendo that this Court were to hold that Plaintiff's tort claims are not statutorily time-barred, Plaintiff's claim that Defendants committed abuse of process should still be dismissed because Plaintiff fails to allege the necessary elements of this claim. To establish an abuse of process claim, Plaintiff must allege that Defendants: (i) used the legal process against Plaintiff; (ii) primarily for a purpose which the process was not designed; and (iii) Plaintiff suffered harm. Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. 1998). Plaintiff must allege some "definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . . and that there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Id., quoting Di Sante v. Russ Financial Co., 380 A.2d 439, 441 (Pa. Super. 1977). In Al Hamilton Contracting Co. v. Cowder, 644 A.2d 188, 192 (Pa. Super. 1994), the Court noted that "it is not enough that the defendants had bad or malicious intentions or that the defendant acted from spite or with an ulterior motive," and "there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." Levin v. Upper Makefield Twp., 2003 WL 21652301 at *10 (E.D. Pa. Feb. 25, 2003).

Nowhere in Plaintiff's Complaint does she assert one factual allegation that would support a claim for abuse of process. At no time does Plaintiff allege that the loan was not in default, as pled in the 2004 Complaint. Plaintiff spends a significant amount of time discussing an unrelated bankruptcy case from another jurisdiction, In re Rivera, 342 B.R. 435 (D.N.J. 2006), but even with her copious quotations from the Court's decision in that case, Plaintiff fails to

assert any facts which establish that Defendants filed the 2004 mortgage foreclosure action with an illegitimate aim. On its face, the Complaint does nothing more than allege that Defendants failed to properly plead the 2004 mortgage foreclosure action and failed to follow procedural safeguards. These allegations do not support a claim for abuse of process.

The 2004 mortgage foreclosure action was voluntarily dismissed by Defendants on June 8, 2004. Defendants' decision to not continue with the lawsuit is certainly inconsistent with a claim that Defendants intentionally used the 2004 mortgage foreclosure action with an illegitimate aim. Clearly, at the time Defendants voluntarily withdrew the 2004 mortgage foreclosure action, Defendants took the position that further prosecution of the matter was no longer required. Therefore, Defendants merely carried out the process to its authorized conclusion which, as instructed by Cameron v. Graphic Management Assoc., Inc., 817 F. Supp. 19 (E.D. Pa. 1992), is not sufficient to establish a claim for abuse of process.

The Court must dismiss Plaintiff's allegations in Count III that Defendants committed abuse of process because the claim is not only time-barred, but the allegations in the Complaint fail to properly support the claim.

## PLAINTIFF'S CLAIM THAT DEFENDANTS COMMITTED CIVIL CONSPIRACY MUST BE DISMISSED BECAUSE DEFENDANTS DID NOT ACT WITH MALICE

In Pennsylvania, it is necessary for Plaintiff to properly demonstrate in her Complaint that Defendants acted with malice in order to establish a claim of civil conspiracy.  In Corrigan v. Methodist Hospital, 853 F. Supp. 832 (E.D. Pa. 1994), the Court held:

> It is axiomatic that to state a cause of action for the tort of civil conspiracy in Pennsylvania, the plaintiff must plead and prove that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Proof of malice, i.e., intent to injure, is an essential part of a conspiracy cause of action and this unlawful intent must also be without justification.  In addition, an overt act must be performed in furtherance of the conspiracy and actual legal damages must result.

853 F. Supp. at 836-37.

Despite the voluminous nature of Plaintiff's Complaint, nowhere is there any allegation that Defendants acted with malice.  Plaintiff repeatedly alleges that Defendants were using false verifications in all matters relating to foreclosure actions.  However, Plaintiff also alleges that Defendants were using these improper verifications solely for the purpose of convenience.  In other words, Defendants were using improper verifications based upon the volume of foreclosure actions that they were handling at that specific period of time.  Plaintiff does not allege that any of Defendants' actions in connection with the 2004 mortgage foreclosure action were done with the requisite malicious intent.  At best, Plaintiff asserts only that Defendants were negligent in how they were handling foreclosure actions in or about 2004.  Plaintiff's allegations, however, do not rise to the level of malicious intent and, therefore, Plaintiff's allegation in Count V that Defendants committed civil conspiracy is without merit and must be dismissed.

**THE 2004 MORTGAGE FORECLOSURE ACTION DID
NOT VIOLATE THE UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW**

The Unfair Trade Practices and Consumer Protection Law ("UTPCPL") protects

consumers of goods and services from unfair or deceptive trade practices or acts. The objective

of the UTPCPL and other similar state and federal statutes is to "place on more equal terms seller

and consumer." In re Smith, 866 F.2d 576 (3d Cir. 1989), citing Commonwealth v. Monumental

Prop., Inc., 329 A.2d 812, 816 (1974). Courts are divided as to the governing standard for a

claim under the catch-all provision of the UTPCPL. Jones v. Aames Funding Corp., 2004 WL

2203724 at *2 (E.D. Pa. Sept. 28, 2004). Some courts require a plaintiff asserting a claim under

§ 201-2(4)(xxi) to meet the elements of common law fraud. See, e.g., Rock v. Voshell, 397 F.

Supp. 2d 616, 622 (E.D. Pa. 2005) ("While there is some uncertainty as to the requirements in

proving a UTPCPL case under the catch-all provision, Pennsylvania courts have recently held

that all of the fraud elements are still required, even with the addition of the 'deceptive'

language"); Cheatle v. Katz, 2003 WL 21250583 at *8 (E.D. Pa. April 1, 2003) (same);

Skurnowicz v. Lucci, 798 A.2d 788, 794 (Pa. Super. 2002) (plaintiff must prove all the elements

of common law fraud to establish violation of § 201-2(4)(xxi)). Other courts read the inclusion

of the term "deceptive" in § 201-2(4)(xxi) as creating an alternative, less rigorous level of proof

that falls short of actual fraud. See Christopher v. First Mutual Corp., 2006 WL 166566 at *3

(E.D. Pa. Jan. 20, 2006) (holding that it is "no longer necessary for a plaintiff to plead all of the

elements of common law fraud to recover under the UTPCPL catch-all provision"); In re

Patterson, 263 B.R. 82, 92 (E.D. Pa. 2001) (holding that Pennsylvania legislature expanded

scope of catch-all provision beyond fraudulent conduct). These courts require a plaintiff to

prove that a defendant's conduct intentionally gave a false impression, that plaintiff relied on

some level upon this deceptive act, and that the use of this deceptive act resulted in damages. See, e.g., In re Fisher, 320 B.R. 52, 71 (E.D. Pa. 2005) (to prevail under UTPCPL deception standard, plaintiff must establish that defendant made a false representation that deceived or had a tendency to deceive and that the representation was likely to affect plaintiff's decision to enter the mortgage).

In the present matter, this Court need not conclusively determine whether a claim under the catch-all provision of the UTPCPL requires proof of common law fraud, as compared to a less stringent standard of proof. This Court must find that the Complaint, as pleaded, fails to meet either standard.

To prevail under the UTPCPL deception standard, Plaintiff needs to establish that Defendants made a false representation that deceived, or had a tendency to deceive, and that the representation was likely to affect Plaintiff. See Fay v. Erie Ins. Group, 723 A.2d 712, 714 (Pa. Super. 1999). In applying this standard to the underlying action, the Court must rule in favor of Defendants because Plaintiff does not, and cannot, aver that Defendants made a material misrepresentation to her with the intent to deceive or mislead her, or that the misrepresentations would likely affect her.

Plaintiff was a co-obligor on the debt secured by the Mortgage and co-owner on the title to the Property which was the subject of the 2004 mortgage foreclosure action. Plaintiff does not aver that Defendants misstated a material fact in the 2004 mortgage foreclosure action, but only a "misrepresentation" as to the "chain of title" through which the named plaintiff claimed standing to file the action. If Plaintiff had been served with the Complaint, or had been required to appear, the Complaint provided sufficient information from which Plaintiff could have determined the debt at issue and, if she desired, could have challenged Defendants' standing.

However, the fact is the matter was resolved and the action discontinued before she even became aware of it. Thus, even if there was a misstatement of the true party in interest in this setting, the misstatement was not material and would not have adversely affected Plaintiff's position vis-à-vis the Mortgage debt.

Lastly, Plaintiff cannot sustain her claim that Defendants violated the UTPCPL because Plaintiff has not demonstrated that she relied upon any material misstatement which adversely affected her position regarding the Mortgage debt. As a matter of fact, Plaintiff alleges that she was unaware of the 2004 mortgage foreclosure action until after the action was discontinued. Specifically, in her Complaint, Plaintiff alleges:

> Plaintiff did not know about the 2004 Mortgage Foreclosure Action until she discovered it in search of Court records on her own well after the 2004 Mortgage Foreclosure Action was terminated by Defendants.

Although Defendants adamantly deny making any material misstatements, Plaintiff clearly did not rely upon any misstatement. Therefore, Plaintiff's claims in Count VII should be dismissed.

**PLAINTIFF'S CLAIMS THAT DEFENDANTS ARE LIABLE UNDER THEORIES OF NEGLIGENT SUPERVISION, VICARIOUS LIABILITY AND AIDING AND ABETTING TORTIOUS CONDUCT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ESTABLISHED AN UNDERLYING TORT WHICH WOULD SUPPORT THESE CLAIMS**

Plaintiff's claims that Defendants are liable under the theories of Negligent Supervision (Count XI), Vicarious Liability (Count XII) and Aiding and Abetting Tortious Conduct (Count VI) must be dismissed because Plaintiff has failed to plead the necessary elements to support the underlying torts.

A claim for vicarious liability requires a showing of negligence of the principal's agent in order to impute liability upon the principal. Milton S. Hershey Medical Center v. Commonwealth Medical, 573 Pa. 74 (2003). Here, Plaintiff has failed to demonstrate any tortious conduct of any of Shapiro & Kreisman's agents. Therefore, the claim in Count XII that Defendants are liable under a theory of vicarious liability must be dismissed.

A claim for aiding and abetting tortious conduct requires a showing that either Defendants performed a tortious act in concert with another defendant, that Defendants knew that another defendant's conduct constituted a breach of duty and gave substantial assistance or encouragement to that defendant, or that Defendants gave substantial assistance to another defendant in accomplishing a tortious result of defendant's own conduct. Sovereign Bank v. Valentino, 914 A.2d 415, 419 (Pa. 2006). Clearly, Plaintiff's claim in Count VI that Defendants are liable for aiding and abetting tortious conduct must also be dismissed. In the present matter, Plaintiff has not alleged an underlying tort, which was timely filed and would support a claim that Defendants are liable under a theory of aiding and abetting tortious conduct.

Finally, Plaintiff's claim that Defendants are liable under a theory of negligent supervision must also fail. In Pennsylvania:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from misconduct if he is negligent or reckless . . . (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others; or (c) in the supervision of the activity; or (d) in permitting, or failing to prevent, negligent and/or tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control. Heller v. Patwil Holmes, Inc., 713 A.2 105, 107 (Pa. 1998).

In the present matter, Plaintiff has failed to demonstrate any underlying tortious conduct by Defendants' employees. A claim under negligent supervision is intended to provide a means for holding an employer liable for the tortious conduct of its employee. However, Plaintiff has failed to demonstrate any underlying tortious act by Defendants' employees. Therefore, this claim, posing derivative liability, must fail and Count XI must be dismissed.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint must be dismissed in its entirety.

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER LLC
Attorneys for Defendants,
Shapiro & Kreisman, LLC, The Logs
Group, LLC, Joseph Rejent, Esq., David
Fein, Esq., Gerald M. Shapiro, Esq. and
David S. Kreisman, Esq.

By: _____
LISA C. WOOD (65890)

Dated: June 8, 2007