**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                        :
PAMELA SHIVONE                                          :          Civil Acton No. 07-1038
                                                        :
        v.                                              :
                                                        :
WASHINGTON MUTUAL BANK, N.A., et al     :
_____     :

### ORDER

And now, this _____ day of _____, 2007, upon consideration of Plaintiff's Motion to Strike

the Reply Memorandum Filed by the Shapiro & Kreisman Defendants or, in the Alternative, For

Leave to File a Sur-reply Memorandum, and any response thereto, it is hereby ORDERED that

_____     The Reply Memorandum Filed by the Shapiro & Kreisman Defendants (docket no.

29) is stricken from the record and will not be considered by the Court;

*or alternatively*

_____     Plaintiff is granted to leave to file a Sur-Reply Memorandum in the form attached as

Exhibit A to Plaintiff's Motion and that exhibit to the Motion, having already been attached to a

filing, shall be deemed filed by the Court.


                                        BY THE COURT:


                                        _____
                                                        Tucker, J

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

PAMELA SHIVONE                                    :          Civil Acton No. 07-1038
                                                  :
    v.                                            :
                                                  :
WASHINGTON MUTUAL BANK, N.A., et al               :
_____          :

**PLAINTIFF'S MOTION TO STRIKE THE REPLY MEMORANDUM
FILED BY THE SHAPIRO & KREISMAN DEFENDANTS OR, IN THE
ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY MEMORANDUM**

Plaintiff, by and through her counsel, Neil E. Jokelson & Associates, P.C., hereby moves to

strike the Shapiro and Kreisman Defendants' Reply Memorandum in support of its Motion to

Dismiss  or, alternatively, seeks leave to file the attached proposed Sur-Reply Brief.  In support

thereof, Plaintiff avers as follows:

**MOTION TO STRIKE DEFENDANTS' REPLY BRIEF**

1.    Defendants Shapiro & Kreisman Shapiro & Kreisman, LLC, The Logs Group, LLC, Joseph

      Regent, Esquire, David Fein, Esquire, Gerald Shapiro, Esquire and David Kreisman, Esquire

      (collectively the "S&K Defendants") filed a Motion to Dismiss on or about June 8, 2007

      (docket no. 17).

2.    With the agreement of counsel and by leave of Court, Plaintiff filed her response to the S&K

      Defendants' Motion to Dismiss on or about July 25, 2007 (docket no. 27).

3.    Twenty-three days later (being 18 business days later), on August 17, 2007, the S&K

      Defendants filed a 14 page Reply Memorandum in Support of their Motion to Dismiss

      *without* obtaining (or even requesting) leave of Court (docket no. 29).

4.      This Court's published procedures do not allow Reply Memoranda to be filed without leave
        of Court and limit any Reply Memoranda to no more than seven (7) pages. See e.g. this
        Court's Published Procedures for Civil Cases at page 3 ("Judge Tucker generally discourages
        the filing of reply and sur-reply briefs.  Requests for time to do so should be made by written
        motion.);  Id. at page 4 ("Reply briefs are generally not helpful and are discouraged by the
        court; as such, **reply briefs cannot be filed without prior leave of court.  A reply brief is
        limited to a maximum of seven (7) pages, and must be filed within five (5) business days
        of the filing by the opposing party's response.**") (emphasis supplied).

5.      The S&K Defendants's failed to comply with the Court's written procedures as the S&K
        Defendants:

        a.      failed to request leave of Court in writing (either by letter or by Motion) for
                permission to file their Reply Brief;

        b.      unilaterally filed their Reply Brief 23 days (and 18 business days) after Plaintiff filed
                her Response to the Motion to Dismiss;

        c.      filed a Reply Brief 14 pages in length when the maximum length of any reply brief
                allowed by the Court is seven (7) pages.

        **WHEREFORE**, the S&K Defendants' Reply Brief (docket no. 29) – unilaterally filed on
August 17, 2007 – should be stricken by this Court.

**ALTERNATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF**

6.      In the alternative to the foregoing, Plaintiff requests leave to file the proposed Sur-Reply
        Brief attached as Exhibit A hereto.

7.      In this regard, Defendants in their Reply brief take a number of unsupported positions which

2

are addressed in the proposed Sur-Reply Brief including:

a.    Falsely identifying cases as being from the Third Circuit Court of Appeals (and

therefore binding authority) when in fact they are District Court cases;

b.    Taking factual positions not contained within the Complaint and otherwise

unsupported by any evidence; and

c.    Taking positions contrary to the pleadings.

**WHEREFORE**, if the Court is not inclined to strike the S&K Defendants' Reply

Memorandum, Plaintiff requests that this Court allow Plaintiff to file the Proposed Sur-Reply

Memorandum attached hereto as Exhibit A.

NEIL E. JOKELSON & ASSOC., P.C.

          NEJ 2239
_____
NEIL E. JOKELSON, ESQUIRE
DAVID E. JOKELSON, ESQUIRE
DEREK E. JOKELSON, ESQUIRE
230 South Broad Street, 8th Floor
Philadelphia, PA 19102

*Attorneys for Plaintiff*

August 23, 2007

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
| --- | --- | --- |
| _____ | : |  |
| PAMELA SHIVONE | : | Civil Acton No. 07-1038 |
|  | : |  |
| v. | : |  |
|  | : |  |
| WASHINGTON MUTUAL BANK, N.A., et al | : |  |
| _____ | : |  |

### PLAINTIFF'S SUR-REPLY MEMORANDUM IN OPPOSITION TO
### THE SHAPIRO & KREISMAN DEFENDANTS MOTION TO DISMISS

Plaintiff seeks leave to file this Sur-Reply Memorandum to briefly address issues raised by

Defendants Shapiro & Kreisman Shapiro & Kreisman, LLC, The Logs Group, LLC, Joseph Regent,

Esquire, David Fein, Esquire, Gerald Shapiro, Esquire and David Kreisman, Esquire (collectively

the "S&K Defendants") in their Reply Brief (docket no. 29) in support of their Motion to Dismiss

(docket no. 17).[1]   In this regard, in their Reply Brief, the S&K defendants falsely identified District

Court cases as emanating from the Third Circuit, improperly attempt to rely upon facts not alleged

in the Complaint and make other unsupported arguments which are addressed below.

**A.**    **FALSE IDENTIFICATION OF DISTRICT COURT CASES AS EMANATING**
       **FROM THE THIRD CIRCUIT COURT OF APPEALS**

In their Reply Brief (filed without permission of the Court), the S&K Defendants first attempt

to harmonize Agosta v. Inovision, Inc., 2003 U.S. Dist. LEXIS 23889 (E.D. Pa. 2003) (Davis, J.)

with Zhang v. Haven-Scott Assocs., 1996 U.S. Dist. LEXIS 8738 (E.D.Pa.1996) (Waldman, J).

While Defendants' argument does not change Plaintiff's analysis with respect to tolling the FDCPA

---

[1]Plaintiff has filed a Motion to Strike the S&K Defendants' Reply Brief as improperly
filed without leave of Court or in the alternative for leave to file this proposed Sur-Reply Brief.

statute of limitations, Plaintiff feels compelled to note that Defendants repeatedly refer to <u>Agosta</u> and <u>Zhang</u> as "Third Circuit" cases when it fact they are District Court cases from the Eastern District of Pennsylvania. By this artifice, Defendants suggest that there are two Third Circuit cases on point (which would be binding authority) at odds on the issue of tolling the FDCPA statute of limitations. However, these cases are not binding authority as they are issued by two District Court Judges. Further, these cases were issued seven years apart and in <u>Agosta</u>, Judge Davis of this Court specifically noted that the prior case, <u>Zhang</u>, and other similar cases were at odds with precedent in other Circuits.

**B.     ALLEGATION THAT PLAINTIFF HAS NO FDCPA CLAIM ON THE 2004 MORTGAGE FORECLOSURE ACTION SINCE THE COMPLAINT WAS NEVER SERVED ON PLAINTIFF**

Defendants attempt to justify their deceptive and unfair debt collection conduct (i.e. filing a mortgage foreclosure action with a false verification in the name of a party – MERS – which never held title to the Mortgage) by arguing that such conduct is not a deceptive or harassing tactic against Plaintiff as the 2004 Mortgage Foreclosure Complaint was not served on Plaintiff. Defendants ignore the fact that unlike a debt collection letter which is drafted but never sent, a Mortgage Foreclosure Complaint which is filed in court but never served on a debtor is actually transmitted to a third party (the Court) and has a real effect on the debtor's credit, as such dockets are redularly accessed and/or reportedt to third parties, ie. Credit reporting agencies, and are also accessible by anyone. Indeed, as set forth in the Complaint, the 2004 Mortgage Foreclosure Action was actually reported to Plaintiff's creditors and harmed her credit. Simply put, the Plaintiff has alleged deceptive and unfair conduct by the S&K defendants and has alleged that such conduct harmed her.

**C.    DEFENDANTS IMPROPER FOCUS ON FACTS NOT OF RECORD - I.E. THE ALLEGED MORTGAGE DELINQUENCY**

Defendants also argue, *ad nauseam*, and in various contexts, that Plaintiff has no case because she was delinquent on her mortgage.  For instance, Defendants argue that:

1.    Plaintiff should not be able to toll the state law statutes of limitations as Plaintiff "exercised no due diligence to ensure that she be made timely aware of the status of her mortgage. ... Plaintiff should have known that the payments on her mortgage were several months behind and that Defendants would be seeking foreclosure." Defense Memorandum at 5-6;

2.    Plaintiff's caused her own injuries as "the damage to Plaintiff's credit worthiness is a direct result of Plaintiff's failure to satisfy her mortgage obligations. ... If plaintiff had made timely payments under her mortgage, the 2004 mortgage foreclosure action would never have been filed."  Defense Memorandum at 7; and

3.    Defendants did not act with an improper purpose in filing the 2004 mortgage foreclosure action because that action "was instituted solely for the purpose of foreclosing on the Property due to Plaintiff's delinquency on her mortgage payments."  Defense Memorandum at

These arguments, however, assume that Plaintiff was delinquent on her mortgage – ***a critical fact not pled in Plaintiff's  Complaint*** – and therefore not before the Court on the Motion to Dismiss.    Moreover, these arguments astoundingly ignore the fact that the 2004 Mortgage Foreclosure action was filed by the S&K Defendants in the name of MERS falsely claiming that MERS was a record holder of the Mortgage ***when MERS never held the Mortgage or had any relationship to the Mortgage or Plaintiff***.  As MERS never had a right to foreclose on the Property, Plaintiff should never have expected a complete stranger to the Mortgage to file a mortgage foreclosure action whatever the state of payments or Plaintiff's relationship with her estranged husband. Finally, as set forth below, Defendants also ignore the fact that they used fabricated verifications to support their untenable mortgage foreclosure Action.

**D.    DEFENDANTS FALSE CLAIMS THAT THERE IS NO EVIDENCE THAT THEY ACTED IMPROPERLY WITH RESPECT TO THE VERIFICATION OF THE 2004 MORTGAGE FORECLOSURE ACTION OR OTHERWISE.**

The S&K Defendants argue at various places in their Reply Brief that Plaintiff improperly relies upon the facts of In re Rivera and has no good faith basis to allege that the S&K Defendants fabricated the verification in the 2004 Mortgage Foreclosure Action by using a pre-signed verification:

> Plaintiff also inappropriately states that defendants were using pre-signed verifications and were not reviewing the complaints for accuracy.  Plaintiff has no good faith basis on which to make such an allegation and, as a matter of fact, does not even allege that in her complaint.  Defendants assume that Plaintiff makes this unwarranted assertion based upon In re Rivera.  However, despite the irrelevancy of In re Rivera to the present matter, the Court in In re Rivera did note the complaints were meticulously reviewed by counsel.

Defense Reply Memorandum at 10.  See also defense Memorandum at 12-13.  Again, Defendants ignore the plain language of the Complaint which avers that the Defendants systematically used pre-signed verifications in the 2004 Mortgage Foreclosure Action and numerous other actions and specifically set forth the basis for this allegation including counsel's investigation of other actions by examining the original verifications in the Prothonotary's office of the Philadelphia Court of Common Pleas:

> ¶68.    The original of this verification [attached to the 2004 Mortgage Foreclosure Action filed against Plaintiff] filed with the Prothonotary of the Philadelphia Court of Common Pleas reflects that Ms. Nedeau's signature *"Jeanne R. Nedeau"* appears either in black ink or as a photocopy while the date "**3/23/04**" and "**Agent for Mortgage Electronic Registration Systems, Inc**" appear in blue ink and, upon information and belief, in a different handwriting.  Moreover, the handwriting in blue ink, upon information and belief, also appears to be written in the same hand as the handwritten portions (except for the attorney signature) of the Court of Common Pleas of Philadelphia County Trial Division Civil Cover Sheet required to be attached to the Complaint.  See e.g. color copies of the Civil Cover Sheet and Verification pages in the 2004 Mortgage Foreclosure Action attached hereto as Exhibit 6.  Accordingly, upon information and

4

belief, the handwriting in blue ink is actually the writing of an employee of the law firm of Shapiro & Kreisman.

¶69.    While Jeanne Nedeau is represented on the verification to be an "Att. Asst. Secretary" for "Washington Mutual Bank, FA", upon information and belief, Ms. Nedeau was actually an employee of LOGS Financial which was acting as a service provider to Washington Mutual.  If so, then Ms. Nedeau was falsely representing herself as an officer, or at least an employee, of Washington Mutual in a wrongful attempt to circumvent Pennsylvania's rules requiring verifications by a corporate officer for a corporate party embodied in, e.g., Pennsylvania Rule of Civil procedure 1024.

¶70.    Upon information and belief, Ms. Nedeau did not actually review any allegations in the 2004 Mortgage Foreclosure Action Complaint.  Rather, upon information and belief, the verification attached to the 2004 Mortgage Foreclosure Action Complaint was selected by Shapiro & Kreisman from a pre-signed batch of verifications which were dated by Shapiro & Kreisman personnel and appended by Shapiro & Kreisman personnel onto Complaints to [create the] false impression to the Court and the parties that the Complaint was properly verified.  Accordingly, the verification attached to the 2004 Mortgage Foreclosure Action falsely verified factual allegations in a Complaint which was never reviewed by any officer or employee of Washington Mutual or even reviewed by Ms. Nedeau.

¶71.    In this regard, the instant Plaintiff's counsel reviewed 29 complaints in the hundreds of mortgage foreclosure actions filed by Shapiro & Kreisman with the Philadelphia County Court of Common Pleas from January 1, 2004 to June 1, 2004 and which were not verified by an attorney.   See color photographs of the verification pages, and in most cases the Civil cover sheets, taken by counsel in these 29 actions and attached as Exhibits 6 (the verification and cover sheet in the 2004 Mortgage Foreclosure Action and 7 (the phtographs from the other 28 cases). Eighteen (18) of the Complaints were verified by Ms. Nedeau, eight (8) were verified by Mary Ann Kasabuske, two (2) were verified by Angela Moore and one (1) was verified by Anita Vergil.  In each of these 29 complaints, the signature of the verifier appeared in either black ink or as photocopied.  Two of the 29 verifications were undated.  Id. In other other 27, the verification dates appear in blue ink.  Where counsel was able to compare the dates on the verifications with those on the civil cover sheets, 18 of 19 verifications were dated on the same date as the civil cover sheet and the handwriting on the verifications in blue ink appears to match the handwriting on the civil cover sheets which also appears in blue ink. Id.

¶72.    Accordingly, upon information and belief, Defendants, including Shapiro & Kresiman and Washington Mutual, were using pre-signed verification pages as described above to circumvent the procedural safeguards requiring that the plaintiff actually review the facts alleged in a Civil Action.

Accordingly it is specious for Defendants to claim that Plaintiff has not properly alleged improper use of pre-signed verifications by the S&K Defendants in Plaintiff's case and other cases. Further, it is specious for the S&K defendants to suggest that they meticulously reviewed the 2004 Mortgage Foreclosure Action against Ms. Shivone before filing as that Complaint improperly named MERS as the Plaintiff and falsely claimed that MERS was an assignee of the Mortgage when MERS was never a party in interest to Plaintiff's mortgage.

**E.    CONCLUSION**

For the foregoing reasons, Defendants Motion to Dismiss should be denied.

NEIL E. JOKELSON & ASSOC., P.C.

NEJ 2239
NEIL E. JOKELSON, ESQUIRE
DAVID E. JOKELSON, ESQUIRE
DEREK E. JOKELSON, ESQUIRE
230 South Broad Street, 8th Floor
Philadelphia, PA 19102

*Attorneys for Plaintiff*

August 23, 2007

6

## CERTIFICATE OF SERVICE

_____I, Neil E. Jokelson, Esquire, do hereby certify that I served a true and correct copy of the

Plaintiff's Motion to Strike the Reply Memorandum Filed by the Shapiro & Kreisman Defendants

or, in the Alternative, For Leave to File a Sur-reply Memorandum upon the following counsel via

first class mail on August 23, 2007, as follows:

STEVEN J. ADAMS, ESQUIRE
STACEY A. SCRIVANI, ESQUIRE
STEVENS & LEE
111 North Sixth Street
P.O. Box  679
Reading, PA 19603
*Counsel for Washington Mutual Bank, F.A.*
*successor in interest to Washington Mutual*
*Home Loan Inc. (An Ohio Corporation)*
*and*
*Mortgage Electronic Registration Systems, Inc.*

DANIEL S. BERNHEIM, ESQUIRE
JOHN J. BART, ESQUIRE
WILENTZ, GOLDMAN & SPITZER, P.A.
2 Penn Center Plaza, Suite 910
Philadelphia, PA  19102
(215) 636-4468
(215) 636-3399 (fax)
*Counsel for Phelan Hallinan & Schmieg, LLP*
*Lawrence T. Phelan, Esquire, Francis S. Hallinan, Esquire and*
*Full Spectrum Legal Services, Inc.*

PATRICK TOBIA, ESQUIRE
LISA WOOD, ESQUIRE
SCHWARTZ, SIMON, EDELSTEIN, CELSO & KESSLER
Ten James Street
Florham Park, New Jersey 07932
(973) 301-0001
(973) 301-0203 (fax)
*counsel to Shapiro & Kreisman, LLC (Illinois)*
*Shapiro & Kreisman, LLC (Pennsylvania)*
*The Logs Group, LLC, Joseph Rejent, Esquire, David Fein, Esquire*
*Gerald M. Shapiro, Esquire and David S. Kriesman, Esquire*

**STEPHEN M. ORLOFSKY, ESQUIRE**
BLANK ROME LLP
Woodland Falls Corporate Park
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
and
**EARL M. FORTE, ESQUIRE**
**JOHN E. LUCIEN, ESQUIRE**
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
*Counsel for First American National Default Outsourcing, LLC*


NEIL E. JOKELSON & ASSOC., P.C.


_____NEJ 2239_
NEIL E. JOKELSON, ESQUIRE
DAVID E. JOKELSON, ESQUIRE
DEREK E. JOKELSON, ESQUIRE

230 South Broad Street, 8th Floor
Philadelphia, PA 19102

*Attorneys for Plaintiff*