IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAMELA SHIVONE** | \| |
| **Plaintiff,** | \| |
| | \|    **CIVIL ACTION** |
| **v.** | \| |
| | \|    **NO.  07-CV-1038** |
| | \| |
| **WASHINGTON MUTUAL** | \| |
| **BANK, F.A, ET AL.** | \| |
| **Defendants.** | \| |

## MEMORANDUM

Presently before this Court are Defendants Phelan Hallinan & Schmieg, LLP, Lawrence

T. Phelan, Esquire, Francis S. Hallinan, Esquire, and Full Spectrum Legal Services, Inc.'s

Motion to Dismiss (Doc. 20) and Plaintiff's response thereto (Doc. 26).

### Factual Background

Plaintiff Pamela Shivone and her then husband Richard Shivone purchased a home on 2311

South Darien Street, Philadelphia, Pennsylvania on April 17, 1996.  A week later, they executed a

mortgage in favor of Crusader Bank on the property in the principal amount of $17, 350.  The

mortgage was recorded on May 1, 1997, in Philadelphia County, Pennsylvania.  On May 20, 1997,

Crusader Bank executed a written assignment of the mortgage, transferring and assigning its interest

to Fidelity Bond and Mortgage ("Fidelity Bond").  At the end of 1997, the Shivones decided to

separate and Mrs. Shivone moved out of the property.

Several years later, on August 6, 1999, Fidelity Bond assigned the mortgage to Summit

Bank.   On September 25, 2006, the mortgage and its interest were assigned to Defendant

Washington Mutual Bank, FA ("Washington Mutual").  The assignment specifically stated that the

1

consideration for the sale, assignment and transfer of the mortgage was paid at the time of execution.

**The Mortgage Foreclosure Action**

On March 26, 2004 Defendants Fein and Joseph Rejent, filed a mortgage foreclosure action naming Mortgage Electronic Registration Systems, Inc. (MERS) as the Plaintiff against Pamela and Richard Shivone.  Plaintiff claims that the 2004 action and complaint contained materially false information and relied upon a pre-signed verification page.  She goes on to charge that Defendants unsuccessfully attempted to serve her with the complaint and then withdrew the action by filing a praecipe to settle, discontinue and end the action on June 8, 2004, in which they falsely represented to the Court that the matter had been settled, not unilaterally dismissed but instead was settled with Plaintiff's consent.  She states that she was never served with the foreclosure action and did not agree to settle.  Plaintiff became aware of the action in April 2006.  In addition to claims arising under the Fair Debt Collection Practices Act and Pennsylvania Fair Credit Extension Uniformity Act, Plaintiff asserts a number of tort-based claims for injury related to the action.  In lieu of an answer, Defendants filed the present Motion to Dismiss.

## Discussion

Plaintiff alleges that Defendant Phelan and Hallinan brought suit on behalf of Washington Mutual in a foreclosure action and failed to accurately disclose the name of the present assignee of the mortgage.  The Court is not convinced that filing a complaint in a mortgage foreclosure on behalf of a lender in the process of obtaining an assignment not fully documented constitutes a violation of the Fair Debt Collection Practices Act.  15 U.S.C. §§ 1692(d) and 1692(e)(10) (hereinafter "FDCPA).

Whether or not conduct violates the FDCPA turns upon an objective test based on the least sophisticated consumer standard.  Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006).  The Court finds the analysis in the Sixth Circuit case Harvey v. Great Seneca Financial Corporation, to be persuasive.  In Harvey, much like the present matter, Plaintiff alleged that because so many cases go to default judgment lawyers fail to obtain current loan histories nor do they properly document the chain of debt ownership because of the time and expenses related to such tasks.  Id. at 327.   According to the Plaintiff in Harvey, such practices amounted to FDCPA violations.  The Sixth Circuit determined that such actions are not FDCPA violations as a matter of law.  Id. at 330-31 ("Any attempt to collect a default debt will be unwanted by a debtor, but employing the court system in the way alleged by Harvey cannot be said to be an abusive tactic under the FDCPA.").  More importantly, the court concluded that the inability to presently prove debt ownership did not amount to a FDCPA violation.  Id. at 333 ("[A] debt may be properly pursued in Court, even if the debt collector does not yet possess adequate proof of its claim.").  Accordingly, this Court concludes that Defendants' inability to prove ownership at the commencement of the foreclosure action is not in violation of the FDCPA.

Further, the Court is not satisfied that the allegations against Defendant Full Spectrum demonstrate a FDCPA violation.  The hanging of the notice on Plaintiff's door was not process nor was it a debt collection debt.  It was a notice of the action commenced against Plaintiff and the error regarding the court location could have been easily resolved once Ms. Shivone called and accepted service.

a. Remaining FDCPA Claims

Plaintiff's claim that Defendants violated the Fair Debt Collection Practices Act (F.D.C.P.A.) is time-barred.  The Act states:

-3-

> "An action to enforce any liability created by this title [15 U.S.C.S. §1692 *et. seq.*] may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

15 U.S.C.S. §1692k(d).

The statue of limitations begins to run at the moment the violation occurs, without regard as to when the Plaintiff gained knowledge of her cause of action.  Agosta v. Inovision, Inc., 2003 WL 22999213 at *6 (E.D. Pa. Dec. 16, 2003).  Equitable tolling is appropriate only when the statutory time limit is not jurisdictional.

There is a split in authority over the one year statue of limitations.  A number of opinions assert that the one year period begins on the date the letter was mailed, regardless of when Plaintiff received actual notice.  See Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir. 1992) (holding that the statute starts to run on the date of the mailing); Drumright v. Collection Recovery, Inc., 500 F.Supp. 1 (M.D. Tenn. 1980) (concluding that the statute starts to run on the date of mailing for some violations).

The cases advancing the contrary interpretation include Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2nd Cir. 1992) and Seabrook v. Onondaga Bureau of Medical Economics, Inc., 705 F.Supp. 81, 83 (N.D.N.Y. 1989).  While the Second Circuit in Bates notes that "it is unlikely that a violation of the Act would have occurred" upon receipt of the collection notice, the statement is less persuasive because it was dicta and not relied upon in the resolution of the dispute.  Friedman v. Anvan Corp., 1998 U.S. Dist. LEXIS 13579 at *7 (E.D. Ill. Aug. 27, 1998) (citing Maloy v. Phillips, 64 F.3d 607, 608 n.1 (11th Cir. 1995)).  Like Bates, the opinion in Seabrook is unpersuasive because despite acknowledging the likelihood that the statute would start to run only "on the date the debtor received the communication," it was not the basis for the final decision that plaintiff's action was timely filed.  705 F.Supp. at 83.

-4-

A review of the conflicting authorities on this issue lead the Court to conclude that the Statute of Limitations begins to run at the time of the alleged action-not when the Plaintiff receives notice.  The Eighth Circuit concluded in <u>Mattson v. U. S. West Communications, Inc.</u> that the legislative objective of the FDCPA "was to protect consumers from harassment by debt collectors...by regulating the conduct of debt collectors." 967 F.2d at 261.  It was further determined that "[o]nce [the debt collector] placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete" and the "last opportunity to comply with the FDCPA."  <u>Id.</u> The Eighth Circuit further observed "the date of mailing is a date which may be 'fixed by objective and visible standards,' one of which is easy to determine, ascertainable by both parties, and may be easily applied."  <u>Id.</u> at 260.

The Court finds the reasoning of the Eighth Circuit persuasive and thus, adopt its approach. Accordingly, the Plaintiff's action is not timely under the statute of limitations and is dismissed as time-barred.

b. State Law Claims

As it pertains to the state law claims, the Court is exercising its discretion to decline review. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966).  The Court is not satisfied that the extraordinary circumstances exist to warrant review of the state claims.  <u>McNeil v. Pennsylvania</u>, 2007 WL 247895 (M.D. Pa. 2007).

For the aforementioned reasons, Defendants' Motion to Dismiss is granted as it pertains to the claims arising under the FDCPA.  An appropriate Order follows.