IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA SHIVONE | \| |
|     Plaintiff, | \| |
| | \|  CIVIL ACTION |
|     v. | \| |
| | \|  NO.  07-CV-1038 |
| | \| |
| WASHINGTON MUTUAL | \| |
| BANK, F.A, ET AL. | \| |
|     Defendants. | \| |

## MEMORANDUM

Presently before this Court are Defendants Shapiro and Kreisman, LLC, The Logs Group, LLC, Joseph Rejent, Esquire, David Fein, Esquire, Gerald M. Shapiro, Esquire, David S. Kreisman, Esquire, Mortgage Electronic Registration Systems, Inc., and Washington Mutual Bank's Motions to Dismiss (Docs. 17, 21, and 22) and Plaintiff's responses thereto (Docs. 25, 27, and 28).

### Factual Background

Plaintiff Pamela Shivone and her then husband Richard Shivone purchased a home on 2311 South Darien Street, Philadelphia, Pennsylvania on April 17, 1996.  A week later, they executed a mortgage in favor of Crusader Bank on the property in the principal amount of $17, 350.  The mortgage was recorded on May 1, 1997, in Philadelphia County, Pennsylvania.  On May 20, 1997, Crusader Bank executed a written assignment of the mortgage, transferring and assigning its interest to Fidelity Bond and Mortgage ("Fidelity Bond").  At the end of 1997, the Shivones decided to separate and Mrs. Shivone moved out of the property.

Several years later, on August 6, 1999, Fidelity Bond assigned the mortgage to Summit Bank.  On September 25, 2006, the mortgage and its interest were assigned to Defendant

Washington Mutual Bank, FA ("Washington Mutual").  The assignment specifically stated that the consideration for the sale, assignment and transfer of the mortgage was paid at the time of execution.

### The Mortgage Foreclosure Action

On March 26, 2004 Defendants Fein and Joseph Rejent, filed a mortgage foreclosure action naming Mortgage Electronic Registration Systems, Inc. (MERS) as the Plaintiff against Pamela and Richard Shivone.  Plaintiff claims that the 2004 action and complaint contained materially false information and relied upon a pre-signed verification page.  She goes on to charge that Defendants unsuccessfully attempted to serve her with the complaint and then withdrew the action by filing a praecipe to settle, discontinue and end the action on June 8, 2004, in which they falsely represented to the Court that the matter had been settled with Plaintiff's consent.  She states that she was never served with the foreclosure action and did not agree to settle.  Plaintiff became aware of the action in April 2006.  In addition to claims arising under the Fair Debt Collection Practices Act and Pennsylvania Fair Credit Extension Uniformity Act, Plaintiff asserts a number of tort-based claims for injury related to the action.  In lieu of an answer, Defendants filed the present Motion to Dismiss.

### Discussion

A. Fair Debt Collection Practices Act

Plaintiff's claim that Defendants violated the Fair Debt Collection Practices Act (F.D.C.P.A.) is time-barred.  The Act states:

> "An action to enforce any liability created by this title [15 U.S.C.S. §1692 *et. seq*.] may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

15 U.S.C.S. §1692k(d).

The statue of limitations begins to run at the moment the violation occurs, without regard as to when the Plaintiff gained knowledge of her cause of action. Agosta v. Inovision, Inc., 2003 WL 22999213 at *6 (E.D. Pa. Dec. 16, 2003). Equitable tolling is appropriate only when the statutory time limit is not jurisdictional.

Both parties rely upon the holding from another Eastern District case, Agosta v. InoVision, Inc.. No. 02-806, 2003 U.S. Dist. LEXIS 23889, at *1 (E.D. Pa. Dec. 16, 2003). In Agosta, the Plaintiff filed suit against InoVision, Inc., Equifax Credit Information, and Equifax, Inc. for alleged credit reporting violations related to a PECO utility account. In its summary judgment motion, Defendants raised an argument based on the statute of limitations, much like the argument currently under review in the present matter.

As noted by the Court in Agosta, there is a split in authority over the one year statue of limitations. A number of opinions assert that the one year period begins on the date the letter was mailed, regardless of when Plaintiff received actual notice. See Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir. 1992) (holding that the statute starts to run on the date of the mailing); Drumright v. Collection Recovery, Inc., 500 F.Supp. 1 (M.D. Tenn. 1980) (concluding that the statute starts to run on the date of mailing for some violations).

The cases advancing the contrary interpretation include Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2nd Cir. 1992) and Seabrook v. Onondaga Bureau of Medical Economics, Inc., 705 F.Supp. 81, 83 (N.D.N.Y. 1989). While the Second Circuit in Bates notes that "it is unlikely that a violation of the Act would have occurred" upon receipt of the collection notice, the statement is less persuasive because it was dicta and not relied upon in the resolution of the dispute. Friedman v. Anvan Corp., 1998 U.S. Dist. LEXIS 13579 at *7 (E.D. Ill. Aug. 27, 1998) (citing Maloy v. Phillips, 64 F.3d 607, 608 n.1 (11th Cir. 1995)). Like Bates, the opinion in Seabrook is unpersuasive

because despite acknowledging the likelihood that the statute would start to run only "on the date the debtor received the communication," it was not the basis for the final decision that plaintiff's action was timely filed.  705 F.Supp. at 83.

In Agosta, the Court determined that an issue of material fact remained as to when the Plaintiff learned of the alleged violation.  Agosta, No. 02-806, 2003 U.S. Dist. LEXIS 23889, at n. 12 ("Defendant points only to Plaintiff's deposition testimony in which she says that InoVision contacted her via letter in '2000.  2001, maybe.'").  The issue of material fact in Agosta prevented the Court from concluding the point at which the statute of limitations begins to run under the F.D.C.P.A.  Id. at *23 ("[F]actual ambiguity in this case cautions the Court from making such a determination.").  Thus, this Court is left to consider the cases referenced in Agosta and relied upon by the parties in the current matter in determining whether Plaintiff Shivone filed her claim in a timely manner.

A review of the conflicting authorities on this issue lead the Court to conclude that the Statute of Limitations begins to run at the time of the alleged action-not when the Plaintiff receives notice.  The Eighth Circuit concluded in Mattson v. U. S. West Communications, Inc. that the legislative objective of the FDCPA "was to protect consumers from harassment by debt collectors...by regulating the conduct of debt collectors."  967 F.2d at 261.  It was further determined that "[o]nce [the debt collector] placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete" and the "last opportunity to comply with the FDCPA."  Id. The Eighth Circuit further observed "the date of mailing is a date which may be 'fixed by objective and visible standards,' one of which is easy to determine, ascertainable by both parties, and may be easily applied."  Id. at 260.

The Court finds the reasoning of the Eighth Circuit persuasive and thus, adopt its approach. Accordingly, the Plaintiff's action is not timely under the statute of limitations and is dismissed as time-barred. Applying the same reasoning to Count II of Plaintiff's Complaint, the charge that Defendants violated the Pennsylvania Fair Credit Extension Uniformity Act[1] is also dismissed as time-barred.

    B. Tort-based Claims

The Complaint asserts numerous claims based in tort. The claims are (1) Abuse of Process; (2) Wrongful Use of Civil Proceedings; (3) Civil Conspiracy; (4) Aiding and Abetting Tortious Conduct; (5) Negligent Supervision and (6) Vicarious Liability. The Statue of Limitations in Pennsylvania for such causes of action is two years. 42 **Pa.C.S.A.** §5524. ("Any action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter" must be initiated within two years.). The date of the last significant event giving rise to a cause of action determines the point at which the statute of limitations begins to run. Resolution Trust Corp. v. Farmer, 865 F.Supp. 1143, 1149 (E.D.Pa. 1994).

The last significant event giving rise to a potential cause of action occurred on or about June 8, 2004 when Defendants filed the Praecipe to discontinue the 2004 mortgage foreclosure action.

---

[1] The Act provides: "An action to enforce any liability created by this Act may be brought in any court of competent jurisdiction in this Commonwealth within two years from the date in which the violation occurs." 73 P.S. § 2270.5 (b).

Plaintiff did not initiate this suit until March 2007 and accordingly, the claims are dismissed as time-barred.[2]

C. Unfair Trade Practices and Consumer Protection Act Claim

The Unfair Trade Practices and Consumer Protection Law ("UTPCPL") protects consumers by placing them on equal terms with sellers. In re Smith, 866 F.2d 576 (3d Cir. 1989) citing Commonwealth v. Monumental Prop., Inc., 329 A.3d 812, 816 (1974). While there is a split among the courts as to the governing standard for a claim under the UTPCPL's catch-all provision, the Court is not satisfied that Plaintiff meets either standard. Jones v. Aames Funding Corp., 2004 U.S. Dist. LEXIS No. 20073 at *2 (E.D. Pa. Sept. 28, 2004). The Courts have applied two different interpretations of the catch-all provision's governing standard. Id. Some courts ask the party bringing the claim to satisfy the elements of common law fraud. Rock v. Voshell, 2006 U.S. Dist. LEXIS No. 31383 at *18 (E.D. Pa. May 18, 2006). Other courts interpret the statute's inclusion of "deceptive" as a less rigorous standard. Christopher v. First Mutual Corp., 2006 U.S. Dist. LEXIS No. 2255 (E.D. Pa. Jan. 20, 2006).

Under the deception standard, Plaintiff must establish that Defendants' representations were false and deceived her or had a tendency to deceive. 723 A.2d 712, 714 (Pa. Super. 1999). Further, Plaintiff must demonstrate that the alleged false representations were likely to affect her. Id. Here, Plaintiff was the co-obligor on the debt secured by the Mortgage and co-owner on the title to the Property at the center of the 2004 foreclosure action. The Complaint does not argue that a material fact was misstated in the foreclosure action and there was insufficient information for Plaintiff to determine the debt at issue. Even if, as Plaintiff charges, there was a misstatement of the true party

---

[2]The Court is also not convinced that Plaintiff has demonstrated an inability to discover the foreclosure action despite due diligence, thus tolling is not appropriate. Gemignani v. Phila. Phillies Nat'l League Baseball Club, Inc., 287 F.Supp. 465, 467 (E.D.Pa. 1967); Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 503 Pa. 80 (Pa. 1983).

in interest it was not material and would not have adversely affected Plaintiff's position in relation to the mortgage debt.  Further, Plaintiff has not demonstrated any reliance upon such misstatements that adversely affected her position. This is underscored in the Complaint where Plaintiff states that she was unaware of the of the 2004 foreclosure until well after Defendants terminated the action. Accordingly, Plaintiff's claims in Count VII are dismissed.

     For the aforementioned reasons, Defendants' Motion to Dismiss is granted.  An appropriate Order follows.